Date signed February 04, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In Re:<br><br>**CHARLES H. SPENCE,** *et al.*,<br><br>     **Debtors.** | **Case No. 05-90478PM**<br>**Chapter 13** |
| **W. CLARKSON McDOW, JR.,**<br>**UNITED STATES TRUSTEE,**<br>       **Plaintiff,**<br>**v.**<br><br><br>**THE AMERICAN DEBT FREE**<br>**ASSOCIATION, INC.,**<br>     **Defendant.** | **AP No. 07-00854PM (LEAD AP)**<br><br><br>**AP Nos. 07-00852 through 07-00861,**<br>**07-00863 through 07-00873, 07-00875**<br>**through 07-00898** |

### MEMORANDUM OF DECISION

The Defendant, The American Debt Free Association, Inc. ("TADFA"), filed a Motion to Dismiss Counts III through VII of the Complaint filed by the Office of the United States Trustee seeking civil penalties, injunctive and other miscellaneous relief.[1]  The Motion came before the court for hearing on January 24, 2008.

The Complaint charges that TADFA is an entity describing itself as providing debt solutions for consumers with credit problems.  When contacted by potential clients, it is alleged that TADFA advises that it can assist with bankruptcy filings and supplies a document entitled "Bankruptcy Information and Workbook" ("Workbook"), an example of which is appended to

---

[1]  The parties stipulated that an answer need not be filed as to Counts I and II pending the court's resolution of this Motion.

the Complaint as Exhibit A.  Page two of the Workbook reflects that a potential debtor should return the completed Workbook to TADFA along with various documents including, among other things, proof of income, credit reports and tax returns, and instructs that copies of the documents should be sent as TADFA "[w]ill have to retain these copies in your permanent bankruptcy file."  It is beyond dispute that TADFA provides "bankruptcy assistance" to its customers.[2]

As described in the Complaint, Alfredo G. Baens ("Baens"), who subsequently filed a bankruptcy case under Chapter 7, Case No. 06-13049-WIL – a case that is allegedly representative of the 44 other bankruptcy cases associated with these consolidated proceedings – paid $1,495.00 for services to be performed by TADFA.  The Complaint asserts that Baens was supplied with a Workbook by TADFA (Exhibit A being a redacted copy) that was then sent to the law firm of Sirody, Freiman & Feldman, P.C. ("Sirody firm") of Baltimore[3], which presumably uses the completed Workbook as its source for data in preparing papers for filing bankruptcy cases under Chapter 7 or 13.

Examination of the docket in the Baens case reflects that the Sirody firm prepared the necessary documents for filing,[4] including a Disclosure of Compensation of Attorney for Debtor(s) required by Federal Rule of Bankruptcy Procedure 2016(b).  The Disclosure reflected receipt of $375.00 from TADFA and $100.00 from Baens.[5]  None of the Statements of Financial

---

[2]  11 U.S.C. § 101(4A) provides:

The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.

[3]  The record does not reflect if law firms in other locales have a similar relationships with TADFA.

[4]  The documents filed by the Sirody firm in Baens' Chapter 7 case reflect changes from the figures in the Workbook.  While the Workbook stated that Baens' rent was $900.00 a month and included utilities, Schedule J as filed showed rent of $950.00 and electricity and heating fuel charges of $200.00.  Similarly, his transportation expenses were increased from $150.00 to $650.00 and his food costs from $200.00 to $400.00.

[5]  The court reviewed the Disclosures of Compensation of Attorney for Debtor(s) in 20 of the 45 cases filed by the Sirody firm involving TADFA.  Two of the cases involved Chapter 7 filings.  In both, the Sirody firm charged $475.00, disclosing receipt of $375.00 from TADFA and $100.00 from the various debtors.  The remaining cases were under Chapter 13.  The total fee charged ranged from $2,500.00 to $4,500.00.  In those cases, the Sirody firm

-2-

Affairs filed in the 45 cases reflects any payment to TADFA in their responses to Question 9 that requests information regarding payments to any person for consultation regarding debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within the year preceding the filing of the case.  It is inconceivable that the Sirody firm was unaware of the payments to TADFA.  This repeated course of conduct by it appears to be a violation of 11 U.S.C. § 707(b)(4)(D) that mandates that the attorney certify that the attorney has no knowledge after inquiry that the information contained in the papers filed is incorrect.  Whether this arrangement is also a violation of the fee-splitting prohibition of 11 U.S.C. § 504(a) is beyond the scope of this Memorandum of Decision.

Counts III through VII of the Complaint rely upon 11 U.S.C. § 110 and the assertion that TADFA is a "bankruptcy petition preparer" that prepared a "document for filing."  Section 110(a) defines "bankruptcy petition preparer" and "document for filing" as:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

Count III charges a violation of 11 U.S.C. § 110(b)(1)[6], TADFA allegedly failing to sign and identify itself on filed bankruptcy documents.  Count IV charges TADFA of violating 11

---

disclosed receipt of $375.00 to $1,000.00 from TADFA, modest deposits from the debtors with the remaining balances to be paid through the Chapter 13 plans.  The payments from TADFA are designated as "debtor's prepaid plan" or, in one case sampled, "TADFA membership credit."

[6]  11 U.S.C. § 110 (b)(1) provides:

A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to–
    (A) sign the document for filing; and
    (B) print on the document the name and address of that officer, principal, responsible person, or partner.

U.S.C. § 110(b)(2)[7] because of its alleged failure to deliver notice and file an acknowledgment signed by a debtor that a bankruptcy petition preparer is not an attorney and cannot practice law or give legal advice. Count V charges TADFA with allegedly violating the disclosure requirements of 11 U.S.C. § 110(c)[8]. Count VI charges TADFA with allegedly failing to disclose fees received from a debtor within the year prior to the filing of the bankruptcy case, a violation of 11 U.S.C. § 110(h)(2).[9] Lastly, Count VII charges TADFA with allegeldy giving

---

[7] 11 U.S.C. § 110 (b)(2) provides:

Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
      (B) The notice under subparagraph (A) –
            (I) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
            (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
            (iii) shall –
                  (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
                  (II) be filed with any document for filing.

[8] 11 U.S.C. § 110(c) provides:

A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
      (2)(A) Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
      (B) If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the Social Security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

[9] 11 U.S.C. § 110(h)(2) provides:

A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

debtors legal advice, a violation of 11 U.S.C. § 110(e)(2)(A).[10]

Success under Counts III through VII requires a finding that TADFA is a "bankruptcy petition preparer" that prepared a "document for filing." The issue before this court at this juncture is whether the phrase "prepares for compensation a document for filing," as set forth in 11 U.S.C. § 110(a), is limited to the document actually filed or whether it includes the drafts of those documents. If the former is the rule, then all a bankruptcy petition preparer need do to evade the requirements of the Bankruptcy Code is draft the required bankruptcy papers and tell the potential debtor to copy and file them.

Neither party brought to the court a case with a similar fact situation to the case at hand, where the alleged petition preparer used an attorney as an intermediary. Congress first addressed entities that it termed bankruptcy petition preparers in the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394. As explained in the House Report accompanying the 1994 Act, this is a remedial statute. ("These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system."). 103 Cong. Rec. H10770 (daily ed. Oct. 4, 1994). Remedial provisions should be construed broadly to avoid frustration of the legislative purpose. U.S. v. Padelford, 76 U. S. 531, 537 (1869); U.S. v. Carolina Transformer

---

[10]    11 U.S.C. § 110(e)(2)(A) provides:

A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).

Subparagraph (B) provides:

The legal advice referred to in subparagraph (A) includes advising the debtor–
    (i) whether–
        (I) to file a petition under this title; or
        (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
    (ii) whether the debtor's debts will be discharged in a case under this title;
    (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
    (iv) concerning–
        (I) the tax consequences of a case brought under this title; or
        (II) the dischargeability of tax claims;
    (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
    (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
    (vii) concerning bankruptcy procedures and rights.

<u>Co.</u>, 978 F.2d 832, 837-38 (CA4 1992).

The court believes that despite the fact that the signature of the Sirody Firm appears on the documents filed, it is arguable that both TADFA and the Sirody firm prepared the documents, with the final touch administered by the Sirody firm.  <u>Cf.</u> <u>In re Thomas</u>, 315 B.R. 697, 703-04 (BC S.D. Oh. 2004); <u>In re Springs</u>, 358 B.R. 236, 241 n.4 (BC M.D.N.C. 2006).

Construing the language of the remedial statute broadly, and accepting as true the well-pleaded facts of the Complaint, the Motion to Dismiss will be denied.

An appropriate order will be entered.


cc:      Jeanne M. Crouse
         Assistant U.S. Trustee
         6305 Ivy Lane, Suite 600
         Greenbelt, MD 20770

         Mark A. Neal
         Assistant U.S. Trustee
         101 W. Lombard Street, Suite 2625
         Baltimore, MD 21201

         The American Debt Free Association, Inc.
         c/o Curtis B. Uhre, Registered Agent
         11 N. Washington Street, Suite 210
         Rockville, MD 20850

         The American Debt Free Association, Inc.
         c/o Curtis B. Uhre
         Registered Agent77
         S. Washington Street, Suite 306
         Rockville, MD 20852

         Brian E. Barkley, Esq.
         Barkley & Kennedy, Chtd.
         51 Monroe Street, Suite 1407
         Rockville, MD 20850

Jeffrey M. Sirody, Esq
Adam M. Freiman, Esq.
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208

Sirody, Freiman & Feldman, P.C.
c/o Jeffrey M. Sirody, Registered Agent
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208

## End of Memorandum Decision