IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: <br><br> **CHARLES H. SPENCE,** *et al.*, <br><br> Debtors. | Case No. 05-90478-PM <br> Chapter 13 |
| **W. CLARKSON McDOW, JR., UNITED STATES TRUSTEE,** <br><br> Plaintiff, <br><br> v. <br><br> **THE AMERICAN DEBT FREE ASSOCIATION, INC.,** <br><br> Defendant. | Adv. Proceeding No. 07-00854 (LEAD AP) <br><br><br> AP Nos. 07-00852 through 07-00861, 07-00863 through 07-00873, 07-00875 through 07-00898 |

**UNITED STATES TRUSTEE'S POST-TRIAL REPLY BRIEF RE DAMAGES**

Pursuant to the Joint Stipulation entered by this Court,[1] Plaintiff W. Clarkson McDow, Jr., United States Trustee for Region 4 (the "U.S. Trustee"), by and through undersigned counsel, submits this reply to the Post-Trial Brief of Defendant, The American Debt Free Ass'n, Inc., (hereinafter, "TADFA" or "Defendant") Regarding Damages.

In Plaintiff's Brief Regarding Damages & Other Relief (Dkt. No. 60), the U.S. Trustee carefully analyzed the damages and fines that this Court is empowered to assess for violations of Bankruptcy Code Sections 526-528 governing debt relief agencies and Section 110 governing bankruptcy petition preparers.

---

[1] *See McDow v. The American Debt Free Ass'n (In re Spence)*, Adv. Proc. No. 07-00854 (LEAD AP), Dkt. No. 61. References to "Dkt." throughout this Brief shall mean the official docket for this adversary proceeding.

In contrast, TADFA uses the bulk of its opposing brief to argue again against the imposition of any liability at all. (Memorandum of Law Post-Trial Brief of Defendant, Dkt. No. 63.)  Its analysis of damages can be parsed into two primary arguments: First, TADFA avers that it did not know how to comply with the debt relief agency provisions.  Second, it professes that it did not know it needed to comply with the Code section governing bankruptcy petition preparers.  As the U.S. Trustee details below, TADFA's arguments are without merit.

**1.      Ignorance of the Requirements of the Debt Relief Agency Law Is No Defense.**

Incredibly, despite the plain language on its website and numerous admissions in motions and other pleadings before this Court,[2] TADFA begins its post-trial damages brief by claiming "the Defendant disagrees with the Court's conclusion that it was a debt relief agency in dealing with the Debtors. . ." (Dkt. 63 at 2.)  The Defendant goes on to say that if it is a debt relief agency, any agreements between it and the Debtors are void but "such a conclusion does not mandate return of the monies paid to TADFA by the Debtors." (*Id.*)

The remainder of the Defendant's discussion on damages flows from these erroneous assumptions.  TADFA states that any failure to comply with the DRA provisions was not intentional or negligent because it did not understand the compliance actions required by the debt relief agency ("DRA") sections in the Bankruptcy Code. (*Id.* at 4.)  These assertions, however, contradict this Court's findings that TADFA engaged in a deliberate course of conduct synonymous with that of a debt relief agency to avoid the strictures of section 110.

---

[2]     *See, e.g.,* Motion to Dismiss under Rule 12(b)(6), Dkt. No. 9 (Defendant did not move to dismiss DRA counts for failure to state a claim); Dkt. No. 51 at 2 ¶¶ 6-8; 8, ¶¶ 7-9; UST Exhibits 457-61.

(Memorandum of Decision, Dkt. No. 56 at 12-15, 21.)  The Court's findings clearly demonstrate that TADFA acted deliberately and intentionally when creating its "bankruptcy option."

TADFA further argues its ignorance of the requirements of Sections 526 through 528 excuses it from liability.  TADFA appears to suggest that it was forced to concede it was a debt relief agency after the U.S. Trustee brought the instant Complaint.  (Dkt. No. 63 at 4.)  Certainly, TADFA felt no such duress with respect to the appellation "bankruptcy petition preparer," which designation TADFA fights even now.  More importantly, TADFA is asking this Court to sanction its ignorance of the law governing a commercial area in which it voluntarily chose to do business.

When considering another consumer protection statute, the Maryland Consumer Debt Collection Act ("MCDCA"), the U.S. District Court of Maryland similarly rejected ignorance of the law as a defense.  *Spencer v. Hendersen-Webb, Inc.*, 81 F.Supp.2d 582, 594-95 (D. Md. 1999) ("Considering the remedial aim of the MCDCA and the dilution of the statute that would result from a contrary interpretation, the Court holds that the term 'knowledge' in the Act does not immunize debt collectors from liability for mistakes of law. This interpretation bears in mind the age-old maxim that ignorance of the law will not excuse its violation. . . .") (citations omitted). Likewise, this Court should reject TADFA's efforts to invoke this defense.

 2.      **Section 110 is a Strict Liability Statute.**

In its discussion of Section 110, TADFA again contends that it should not be penalized because it did not know it was a bankruptcy petition preparer and, thus, that it needed to comply

with Section 110.  Again, TADFA's arguments should fail because ignorance of the law is no excuse.  Section 110 is a strict liability statute.[3]

For the first time, TADFA asserts – without citation – that it provided services to the individual debtors in addition to its bankruptcy services. (Dkt. No. 63 at 8-9.)  Incredibly, TADFA states that "it should be entitled to its fees for the settlement portion of its services" (*id.* at 9)  and claims that it should be entitled to keep a reasonable fee for document preparation (*id.*).[4]  TADFA never provided evidence at trial that it provided settlement services to any of the debtors named in the U.S. Trustee's Complaint.  Uhre testified that TADFA did provide settlement (or, workout) services but never tied those services to any of the debtors in these adversary proceedings.  Because it did not establish at trial that it provided settlement services to any debtor named in the Complaint, TADFA should not receive any funds for alleged settlement services.

Nor should TADFA be excused from returning monies that it sent to the Sirody law firm.  What TADFA did with the funds it received from the debtors is immaterial; Section 110 speaks only of returning "the amount paid by the debtor to the bankruptcy petition preparer for the

---

[3] *Cf.  Spencer v. Hendersen-Webb, Inc.*, 81 F.Supp.2d at 595 ("[I]n the context of consumer protection, 'it does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.' *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996) (*citing FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct.1035, 13 L.Ed.2d 904 (1965)). Professional debt collectors and their attorneys, therefore, must be held to be aware of laws affecting the validity of their collection efforts.*"*)

[4] TADFA makes this assertion despite contending throughout the trial and initial post-trial briefs that it did not prepare any bankruptcy documents; the law firm of Sirody, Freiman and Feldman did.  TADFA cannot have it both ways – either it prepared documents under section 110 or it did not.

preparer's services." 11 U.S.C. § 110(i)(1)(B)(ii).[5] The debtors in these proceedings are entitled at a minimum to the amount they paid to TADFA.[6]

In addition, TADFA should not be spared damages and fines because it did not know it needed to comply with Section 110. That statute, as other courts have noted, is one of strict liability. *See, e.g., Adams v. Giordano (In re Clarke),* – B.R. – , 2009 WL 1576292 *6 (Bankr. E.D.N.Y. June 1, 2009) ("Ignorance of the law does not constitute 'reasonable cause' for noncompliance with the statute");[7] *In re Gomez*, 259 B.R. 379, 385 (Bankr. D. Colo. 2001).

Finally, TADFA once more contends that injunctive relief is not necessary. However, voluntary cessation of the activity does not automatically preclude an award of injunctive relief.[8] Further, the statute provides that if a court finds that "a bankruptcy petition preparer has – (I) engaged in conduct in violation of this section . . . ; or (III) engaged in any other fraudulent, unfair, or deceptive conduct. . ." and injunctive relief is appropriate, the court may enjoin the

---

[5] *See also* 11 U.S.C. § 110(h)(3)(B) ("All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).")

[6] Indeed, as this Court has noted, TADFA misrepresented to the debtors that the attorneys who would file their petitions worked for TADFA. (Dkt. No. 56 at 15.) Even if the statute permitted a deduction for third-party services, the Debtors in this case had no idea that the Sirody attorneys were not TADFA's in-house attorneys. (*Id.*)

[7] When referencing "reasonable cause," the *Clarke* Court is citing to safe-harbor language in Section 110 that was eliminated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. *See also* Dkt. No. 60 at n.95.

[8] As the U.S. Trustee has observed in prior pleadings, injunctive relief is particularly appropriate when a wrongdoer changes its conduct only after it faces an enforcement action. This is what TADFA has done in this case, stating in its recent brief that it did not know it needed to comply with the DRA provisions until the U.S. Trustee filed its Complaint. (Dkt. No. 63 at 4-5.)

bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(A)(i). Previously, this Court found that TADFA had engaged in "material" omissions and "blatant" misrepresentations to the debtors. (Dkt. No. 56 at 15-16.) In addition, the U.S. Trustee proved at trial that TADFA operated a website, contacted thousands of consumers each year to advertise its "bankruptcy services," and had been in business for 7 years. Under similar facts, the *Clarke* Court granted injunctive relief. *Clarke*, – B.R. – , 2009 WL 1576292 at *8-9. Likewise, injunctive relief should be granted here.[9]

WHEREFORE, for the foregoing reasons, the UST respectfully requests that the Court enter Judgment in his favor on Counts I though VII of the Complaint and award the relief that is detailed in the prayer clause in his Post-Trial Brief on Damages and such other and further relief as this Court deems necessary and appropriate.

Dated: June 11, 2009

W. CLARKSON McDOW, JR.
United States Trustee, Region 4
By Counsel:

*/s/ Jeanne M. Crouse*
Jeanne M. Crouse, Bar No. 05329
Assistant U.S. Trustee
David I. Gold, Bar No. 15567
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
Tel.: (301) 344-6216
Fax: (301) 344-8431
Email: jeanne.m.crouse@usdoj.gov;
david.i.gold@usdoj.gov

---

[9] Finally, TADFA's mathematical computations are incorrect. The full amount of trebled fines that could be awarded in this case is $607,500 (Dkt. No. 60 at 24), not the $1.8 million that TADFA claims the U.S. Trustee seeks. (Dkt. No. 63 at 9-10.)

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12TH day of June, 2009, I served a true and correct copy of the foregoing United States Trustee's Post-Trial Reply Brief re Damages on all persons and entities entitled to receive notice through the Court's ECF system and by e-mail on:

Brian E. Barkley, Esq.
Barkley & Kennedy
51 Monroe St., Ste 1407
Rockville, MD 20850
Bbarkley@barkenlaw.com

                                             */s/ Jeanne M. Crouse*
                                             Jeanne M. Crouse