Date signed August 06, 2009



```
                                    PAUL MANNES
                                U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: <br><br> CHARLES H. SPENCE, *et al.*, <br><br>       Debtors. | Case No. 05-90478PM <br> Chapter 13 |
|---|---|
| W. CLARKSON McDOW, JR., <br> UNITED STATES TRUSTEE, <br>       Plaintiff, <br> v. <br><br><br> THE AMERICAN DEBT FREE <br> ASSOCIATION, INC., <br>       Defendant. | AP No. 07-00854PM (LEAD AP) <br><br> AP Nos. 07-00852 through 07-00861, <br> 07-00863 through 07-00873, 07-00875 <br> through 07-00898 |

MEMORANDUM REGARDING CIVIL PENALTIES, INJUNCTIVE AND OTHER
MISCELLANEOUS RELIEF

     These proceedings came before the court for trial on July 30, 2008, on the Complaint of the United States Trustee Seeking Civil Penalties, Injunctive and Other Miscellaneous Relief filed against The American Debt Free Association, Inc. ("TADFA"). The court issued its Memorandum of Decision on January 14, 2009, requesting that the parties submit memoranda with respect to damages and/or penalties to be awarded under 11 U.S.C. §§ 526(c)(2) and 110. As the court fully discussed this matter in its initial ruling and the parties thoroughly briefed the issue as requested, the court will keep its ruling brief.

TADFA's practices fell within the scope of the consumer protection measures of 11 U.S.C. § 526.  TADFA misrepresented its services by leading its clients to believe that it would be filing the bankruptcy cases and that its attorneys, not an outside law firm, would be assisting with same.  It engaged in unfair and deceptive acts.[1]  Section 526(c)(1) renders the "contracts" between TADFA and the affected debtors void.  Accordingly, TADFA is directed to refund to the debtors all sums paid for its services, less the amount paid to the Sirody Firm.  The court will not enjoin TADFA for its violation or impose a civil penalty under 11 U.S.C. § 526(c)(5).

As a bankruptcy petition preparer under 11 U.S.C. § 110, the court will impose upon TADFA a penalty of $65,230.00 (less the amount paid to the Sirody Firm) for its fraudulent, unfair or deceptive acts.  *See* 11 U.S.C. § 110(i)(1)(B)(ii).  This amount represents double TADFA's receipt for its services.  There shall be no further double recovery on this award.  In accordance with 11 U.S.C. § 110(k)(1), TADFA is fined $125.00 per violation.  The court will not enjoin TADFA for its violation under 11 U.S.C. 110(j).

The parties will submit an appropriate and agreed upon order conforming with this Memorandum.

cc:   Jeanne M. Crouse
      Assistant U.S. Trustee
      6305 Ivy Lane, Suite 600
      Greenbelt, MD 20770

      Mark A. Neal
      Assistant U.S. Trustee
      101 W. Lombard Street, Suite 2625
      Baltimore, MD 21201

---

[1]  TADFA cannot escape liability merely because it did not actually file the documents.  *See In re Clarke*, 2009 WL 1704492 (BC E.D.N.Y. June 15, 2009).

The American Debt Free Association, Inc.
c/o Curtis B. Uhre, Registered Agent
11 N. Washington Street, Suite 210
Rockville, MD 20850

The American Debt Free Association, Inc.
c/o Curtis B. Uhre
Registered Agent77
S. Washington Street, Suite 306
Rockville, MD 20852

Brian E. Barkley, Esq.
Barkley & Kennedy, Chtd.
51 Monroe Street, Suite 1407
Rockville, MD 20850

Jeffrey M. Sirody, Esq
Adam M. Freiman, Esq.
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208

Sirody, Freiman & Feldman, P.C.
c/o Jeffrey M. Sirody, Registered Agent
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208

**End of Memorandum**